FRANKLIN BABCOCK v. ALBERT S. ASHMEAD.

REPLEVIN; *Seizure of Wrong Property*; *Costs*. Where an action of replevin is commenced in the court of a justice of the peace, and by mistake the officer takes possession of the wrong property, and a redelivery bond is given by defendant and the property returned to him, *held*, that the action may proceed as one for damages, but that the costs of the wrongful seizure and redelivery bond should be taxed to plaintiff, unless such seizure was caused by some misrepresentation of defendant.

*Error from Doniphan District Court.*

REPLEVIN brought by *Ashmead* against *Babcock*, to recover a certain sewing machine. Trial at the September Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Franklin Babcock*, plaintiff in error, for himself.

*Albert Perry*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin. Defendant in error, plaintiff below, commenced an action of replevin before a justice of the peace, to recover a sewing machine.

The usual process was issued, a sewing machine taken possession of by the officer, and a redelivery bond given by defendant. On the trial, upon appeal to the district court, it clearly appeared that while plaintiff claimed to be the owner of a sewing machine which defendant had taken possession of, the machine seized by the officer was not that machine, but one belonging unquestionably to defendant.

The single question is, what is the *status* of the case upon such facts? Plaintiff claimed that he had a right to proceed for the value of his machine, while defendant insisted that the inquiry was as to the ownership of the machine actually taken, and that being shown in him, he was entitled to judgment. Upon whom rests the responsibility for the mistake of the officer? No action on the part of defendant, no misrepresentation to mislead the officer, is shown. So far as appears, the officer of his own motion seized the wrong property. The redelivery bond is for the property seized, and that alone. No reference is made to the property claimed in the petition. Now replevin is an action for the recovery of specific personal property. If the issue was as to the property taken, and for which the bond was given, clearly the defendant was entitled to a judgment. Beyond question that property was his, but the statute provides (Comp. Laws 1879, p. 713, § 67) that "When the property claimed has not been taken, the action may proceed as one for damages only, and the plaintiff shall be' entitled to such damages as may be right and proper."

Does not that statute fit this case? The real property claimed was not taken. If the officer had returned that he could not find it, no one would question the right to proceed for damages. The plaintiff at first, after the seizure by defendant of his property, had his election to commence replevin for the property, or to treat the seizure as a conversion, and sue for the value. He commenced replevin, but the statute plainly says that that process failing, the action may proceed as for damages. Did not replevin fail? Did not the

officer fail to take the right property? That is the very claim of defendant. The statute does not read, "when no property is taken," but, "when the property claimed has not been taken." The defendant says the property claimed was not taken. The plaintiff says, "Very well; I will proceed for damages." Is not this within the very language of the statute?

We have assumed in the discussion of this question, that the sewing machine claimed by plaintiff was his. That fact was disputed on the trial, and the defendant's contention was, that it belonged to plaintiff's wife, and that she authorized defendant to take it. The testimony, however, warranted the finding of title in the plaintiff, and that question of fact we shall not reopen.

Doubtless the costs of the seizure of the wrong property and the redelivery bond should be taxed to plaintiff, unless this mistake was caused by some misrepresentation on the part of defendant, and on a motion to re-tax costs such order should be made; but that question is not raised by this proceeding in error. It will be time enough for this court to act, when the district court shall have passed upon such a motion.

The judgment will be affirmed.

All the Justices concurring.